# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-734-TIA |
| | ) |
| BUZZ WESTFALL JUSTICE CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Clint Phillips, III, for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against the Buzz Westfall Justice Center ("Justice Center"). Plaintiff alleges that, when he was released from the Justice Center on January 28, 2012, defendant failed to give him a month's supply of medicine he claims he needed for certain medical and mental health conditions. Plaintiff claims that this failure amounts to deliberate indifference.

## Discussion

The complaint is legally frivolous and fails to state a claim against the Justice Center, because jails and local government detention centers are not suable entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983). As such, this action will be dismissed pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of May, 2013.

_____
**UNITED STATES DISTRICT JUDGE**